[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding finds its genesis in an action seeking damages on the theory of unjust enrichment and an equitable transfer of all or a portion of the defendant's interest in certain property located in the town of Newtown. A judgment of strict foreclosure was entered in the case of Healthkraft Industries, Inc. v. Licursi as the result of a judgment lien. He has filed a Notice of Lis Pendens alleging that this action will affect the title to the real estate.
The defendant has filed a motion to discharge the lis pendens on the ground that the filing of a lis pendens in connection with this action is improper and that the plaintiff cannot establish probable cause to support his claims. The judgment lien is in the amount of thirteen thousand five hundred twenty dollars and forty-six cents ($13,520.46) which was incurred by the plaintiff as the result of services by an attorney who represented him in a previous divorce action. That attorney subsequently assigned the judgment lien to the defendant herein. The judgment lien was filed against the undivided one-half interest that the plaintiff held in certain property located at 41 Key Rock Road in Newtown. He was not represented by counsel at that time and contacted the defendant immediately to attempt to resolve the matter. He was referred to his former attorney, the man who obtained the judgment lien, rather than the current attorney representing Healthkraft. The attorney's actions at that time might well lead to the impression and belief that that attorney was representing Licursi at this time. Any further comments on the actions of that attorney may well be scrutinized on another day.
Licursi relies on subsections (a)(1) and (2) of § 52-325 of the General Statutes.[1] Reliance upon that section requires that subsection (b) be also considered.[2] The defendant contends that a cause of action of unjust enrichment does not fall within the purview of § 52-325. The prayer for relief claiming inter alia an equitable transfer of all or a portion of the defendant's interest in certain real property manifests an INTENT within the statutory definition of an action "intended to affect real property." (Emphasis supplied.) The defendant overlooks the significance of the definition. Based upon the documentation furnished the court as well as the content of the briefs, CT Page 11256 the court is satisfied that at this stage of the proceedings, the Notice of Lis Pendens survives the motion to discharge that notice.
The defendant has devoted much time and a great portion of his brief to the question of whether or not Healthkraft Industries, Inc. is such an entity as can maintain its position in this case. Healthkraft Industries, Inc., a Connecticut corporation, was first organized in May of 1982, and was dissolved by a forfeiture on August 19, 1988. Supposedly, that forfeiture was unknown to the corporate principal and remained unknown until June 12, 2001, when the plaintiff called this to the attention of the court and defense counsel. On being alerted to the situation, the defendant, who conducted this business through 1997 (and then only temporarily ceased operation), took all steps necessary to secure reinstatement. All this is set forth and appended to the defendant's brief. Section 33-892 (c) provides that when reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if that administrative dissolution had never occurred. However, as of June 12, 2001, the date with which we are concerned, no reinstatement had occurred and, indeed, as late as July 25, 2001, the defendant cannot demonstrate reinstatement. Therefore, as of that date, this entity, if it is an entity, was not a de jure corporation. While it may not be a de jure corporation, it might be possible for the defense to assert that it is a de facto corporation. However, that particular categorization or recognition as an entity under the law requires that it be doing business of some sort. In the referenced documentation as well as in the brief, the defendant concedes that it "temporarily ceased operations in 1997." No evidence was offered to show that it did in fact conduct business since 1997. Therefore, it cannot avail itself as a de facto corporate entity in this action at this time.[3]
The defendant also asserted in its motion that the pleading filed by the plaintiff does not establish probable cause. That claim has not been briefed by the defendant and will not be considered by the court. In accordance with the foregoing, an order may enter denying the application for discharge of the Notice of Lis Pendens.
Moraghan, J.T.R.